374 F.Supp.2d 1345 (2005)
In re HYDROGEN PEROXIDE ANTITRUST LITIGATION
Diamond Chemical Co., Inc.
v.
Degussa Corp., et al.,
Finch Pruyn & Co., Inc.
v.
Atofina Chemicals, Inc., et al.,
No. MDL 1682.
Judicial Panel on Multidistrict Litigation.
June 16, 2005.
*1346 Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, Jr., KATHRYN H. VRATIL[*] and DAVID R. HANSEN, Judges of the Panel.

TRANSFER ORDER
WM. TERRELL HODGES, Chairman.
This litigation currently consists of two actions pending, respectively, in the Northern District of California and the Eastern District of Pennsylvania.[1] Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, brought by plaintiff in the Eastern District of Pennsylvania action for coordinated or consolidated pretrial proceedings of the actions in that district. All responding parties agree that 1407 transfer is warranted, but divide their support between two suggested transferee districts. All responding defendants[2] and plaintiffs in eleven potential tag-along actions across both districts support the Eastern District of Pennsylvania as transferee forum. Plaintiff in the Northern District of California action, and plaintiffs in seven potential tag-along actions pending there, propose that district as an appropriate transferee forum.
On the basis of the papers filed and hearing session held, the Panel finds that these two actions involve common questions of fact, and that centralization under Section 1407 in the Eastern District of Pennsylvania will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Each of the actions now before the Panel is brought under the Sherman Act to recover for injuries sustained as a result of an alleged conspiracy engaged in by overlapping defendants to fix, raise, maintain, or stabilize prices for hydrogen peroxide and its downstream products sodium perborate and sodium percarbonate. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings, including those with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.
We acknowledge the federal grand jury proceedings in the Northern District of California; however, on balance, we are persuaded that the Eastern District of Pennsylvania is a preferable transferee forum for this litigation. The Eastern District of Pennsylvania has 1) the majority of pending actions; 2) the support of plaintiffs in several potential tag-along actions pending in both districts; 3) the endorsement of all responding defendants; and 4) a nexus to the litigation given the presence of two of the largest domestic producers of hydrogen peroxide  both of which are named as defendants  within blocks of the federal courthouse in this district.
IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action pending in the Northern District of California is transferred to the Eastern District of Pennsylvania and, with the consent *1347 of that court, assigned to the Honorable Stewart Dalzell for coordinated or consolidated pretrial proceedings with the action pending in that district.
NOTES
[*] Judge Vratil took no part in the decision of this matter.
[1] The parties have identified eighteen related actions pending in the Eastern District of Pennsylvania and another ten actions pending in the Northern District of California. These 28 actions and any other related actions will be treated as potential tag-along actions. See Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).
[2] Responding defendants are Akzo Nobel, Inc.; Akzo Nobel Chemicals International B.V.; Atofina Chemicals, Inc.; Arkema, Inc. f/k/a Atofina Chemicals, Inc.; Degussa Corp.; Degussa A.G.; EKA Chemicals, Inc.; FMC Corp.; Solvay Chemicals, Inc.; Solvay Interox, Inc.; Solvay America, Inc.; and Solvay S.A..